H. M. JAENICKE, Appellant, v. GOOSE LAKE SAVINGS BANK, Appellee.

No. 45176.

JUNE 18, 1940.

A. E. Brandenburg, for appellant.

M. L. Sutton, for appellee.

BLISS, J.—On December 15, 1935, plaintiff leased her farm, in writing, to P. W. Petersen for a two-year term from March 1, 1936, for a rental of $960 a year, payable one half on the first day of November and January of each year. The tenant failed to pay the last year's rent, and plaintiff brought an action to collect it, aided by a landlord's attachment against certain grain and livestock. Judgment for plaintiff was entered on January 7, 1938, for $960 and interest, and a landlord's lien was established for the amount of the judgment upon the property attached. A special execution was ordered to be issued for the sale of the attached property, with a further direction that a general execution issue for any deficiency. A deficiency of $389.96 remained after the sale of all of the property attached.

On December 13, 1935, the tenant, Petersen, and wife executed to the defendant in this action a chattel mortgage on

livestock and other property on the leased premises which was recorded two days later. This chattel mortgage was foreclosed in the fall of 1937 and the property was sold thereunder.

On May 28, 1938, the plaintiff filed her petition in this action alleging the facts above stated, and in addition that on January 2, 1938, Petersen sold 20 hogs on which plaintiff had a landlord's lien, and turned the proceeds thereof, amounting to over $400, to the defendant, and because thereof "this plaintiff was unable to assert her landlord's lien upon the hogs or the proceeds thereof." In a second count of her petition, plaintiff alleged that crops raised on the premises to the value of $300 had been fed to the livestock mortgaged to defendant, and that hay to the value of $57.50, raised on the premises, had been appropriated by defendant and sold at its chattel foreclosure sale. Because of this alleged conversion plaintiff asked judgment for $389.96.

Defendant demurred to this petition upon the ground that any claim of the plaintiff to the crops or livestock, alleged to have been converted, was derived through her lease, but that all such claim and rights had been merged in the judgment obtained in her rent and landlord's attachment action, and upon the further ground that said judgment established her landlord's lien upon specified attached property, which had been sold under special execution, with the right to a general execution for any deficiency, and that the property alleged to have been converted did not include any of the property upon which plaintiff's landlord's lien had been established by said judgment.

The trial court sustained the demurrer upon the stated reason that in prosecuting this action for conversion, the plaintiff was splitting her cause of action. The petition in the action which plaintiff brought for rent and for the issuance of a writ of landlord's attachment is not set out in the record, and we are not informed as to just what property she claimed was subject to her lien, nor the nature of the prayer. But in the decree of January 7, 1938, the landlord's lien is established and confirmed only as to certain specified livestock and grain which she had levied upon. If there was other property which, under the

provisions of Code section 10264, was subject to her lien, the decree could have been broadened to cover it. But she was content to limit the confirmation and establishment of the lien to certain described property. This specified property did not include any of the property which she claims was converted in the action before us. It is true that whatever lien a landlord has is by virtue of the statute, and this lien is not created or effected by the levy under the writ of attachment. The purpose of the levy is merely to sequester the property so that it may be made available for sale under execution. Neither is the landlord's lien created by the judgment in the action, as it existed by statute long prior to the entry of judgment. But a judgment is necessary to an enforcement of the lien, in that there must be an execution issue for the sale of the property. A judgment is also necessary to identify and specify the particular property which is subject to the statutory lien. The landlord is privileged to bring but one action for this purpose, and it is necessary that the petition and the judgment be broad enough to cover all property which is subject to this lien. The appellant did not do this and she was thereafter barred from bringing any other action to establish or to enforce a landlord's lien against any property not described in or covered by her original decree. The judgment is therefore affirmed.—Affirmed.

HAMILTON, C. J., and RICHARDS, OLIVER, MILLER, STIGER, MITCHELL, and HALE, JJ., concur.